UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAPASSARA SUKSATAN (A-009-170-619),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-4946 DAD CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Papassara Suksatan (A-009-170-619), a native and citizen of Thailand, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As discussed below, this Court recommends that this action be dismissed as moot.

## I. BACKGROUND

Petitioner filed her petition for writ of habeas corpus and a motion for appointment of counsel on June 26, 2026. (ECF Nos. 1, 2.) On July 1, 2026, this Court issued its briefing order, and reminded the parties' of their obligation to keep the Court apprised of their current addresses. (ECF No. 5.) On July 7, 2026, respondents filed a motion to dismiss on the grounds that petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a) but had not exhausted administrative remedies by requesting a bond hearing. (ECF No. 6.) On September 14, 2026, respondents filed a status report confirming petitioner's request for voluntary departure. (ECF

No. 10.) On October 14, 2026, respondents filed a further status report stating that petitioner was removed on September 22, 2026 pursuant to her request for voluntary departure. (ECF No. 12.) On October 15, 2026, the Court ordered petitioner to show cause, within fourteen days, why this action should not be dismissed as moot, and cautioned that failure to respond would result in a recommendation of dismissal of this action. (ECF No. 13.) Fourteen days have now passed, and petitioner has not responded to the Court's order.

## II. DISCUSSION

Petitioner failed to show cause why this action should not be dismissed as moot in light of petitioner's apparent removal from the United States. For the following reasons, this Court recommends that this action be dismissed as moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record reflects that as of September 22, 2026, petitioner was no longer in immigration custody. (ECF No. 12.) Because petitioner is no longer in ICE custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody."); Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, at *1 (W.D. Wash. 2026) (petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'"

(citations omitted)). In light of petitioner's departure from the United States, the Court recommends that this action be dismissed as moot. Based on this recommendation, this Court vacates petitioner's motion for appointment of counsel and respondents' motion to dismiss.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of habeas corpus (ECF No. 1) be DISMISSED as moot.
2. Respondents' motion to dismiss (ECF No. 6) be denied as moot.
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 3, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Suks4946.imm.157.moot/2